16-2017-CA-005793-XXXX-MA
CV-G

Filing # 61594538 E-Filed 09/15/2017 03:39:37 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

LYNN A. HARMENING-MARL,
on behalf of herself and all others
similarly situated,

      Plaintiff,

v.

QUEST DIAGNOSTICS, INC.,

      Defendant.
_____/

CASE NO.:
DIVISION:

CLASS REPRESENTATION
JURY TRIAL DEMANDED
INJUNCTIVE RELIEF SOUGHT

## CLASS ACTION COMPLAINT

Plaintiff, LYNN A. HARMENING-MARL (hereinafter "Plaintiff"), by and through her undersigned counsel, brings this suit against Defendant, QUEST DIAGNOSTICS, INC. (hereinafter "Defendant"), and alleges:

### I. INTRODUCTION

1. This is a class action brought under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq..*

2. This action arises out of Defendant's illegal efforts to collect consumer debts. Defendant's letters are meant to threaten imminent and certain legal action which it had no intention or ability of taking in an effort to collect consumer debts, in violation of the FCCPA.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter because the amount in controversy exceeds $15,000; the Plaintiff is a resident of Duval County, Florida; and the Defendant does business in Duval County, Florida.

4. Venue is proper in this County because actions giving rise to this lawsuit occurred in Duval County, Florida.

5. In addition, jurisdiction and venue for purposes of this action are proper pursuant to Fla. Stat. § 559.77.

### III.   PARTIES

6. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by Florida Stat. §559.55(8). Plaintiff has standing to bring a claim under the FCCPA because she was directly affected by violations of these Acts, and was subjected to Defendant's illegal and improper debt collection activities.

7. Defendant does business in Duval County, Florida and has a principal address of 3 Giralda Farms, Madison, NJ 07940.

8. At all material times herein, Defendant is a "person" subject to Florida Statutes, § 559.72. See Florida Statutes, §s 559.55(5),(7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

### IV.   FACTUAL ALLEGATIONS

9. The Plaintiff allegedly incurred a "consumer debt" to Defendant as that term is defined under Section 559.55(6), Fla. Stat., specifically, a debt for medical services incurred on January 24, 2017, invoice number 4747408126.

10. On or about June 8, 2017, Defendant sent the Plaintiff a collection letter (hereinafter Collection Letter) regarding the alleged debt. *(See Exhibit A)*

11. At all material times herein, the Collection Letter, qualifies as "communication" as defined by Florida Statutes, § 559.44(2).

12. The "Collection Letter" was entitled, "FOURTH NOTICE" and stated in part, "This is the final notice you will receive from our office. Please make payment immediately to prevent your account from being forwarded to a collection agency for further collection action. If further action is necessary, you may <u>**also be liable for additional expenses and costs**</u>, as permitted by law, which can <u>**substantially**</u> increase the amount you owe." (Emphasis added.)

13. After reading the collection letter, the Plaintiff understandably thought that she might be responsible for additional expenses and costs which might substantially increase the amount she owed.

14. A creditor such as the Defendant cannot collect any additional fees or costs unless the fees or costs are expressly authorized by the agreement creating the debt or permitted by state law.

15. Plaintiff never contractually agreed to additional expenses and costs with Defendant nor is Defendant permitted by state law to charge additional expenses or costs.

16. Defendant blatantly ignores Florida law and threatens consumers with a threat of additional collection fees when such additional fees are illegal.

17. Although Defendant knew that it could not charge additional collection fees, it still decided to send the Debt Collection Letters to Plaintiff and the Class that threatened additional and substantial collection fees.

## V.   CLASS REPRESENTATION ALLEGATIONS

18. Pursuant to Florida Rule of Civil Procedure 1.220 (a), (b)(2) and (b)(3), Plaintiff brings this action on behalf of herself and all others similarly situated.

3

19. The Class is defined as: All persons in the State of Florida who received letters from Defendant substantially similar or materially identical to the Debt Collection Letters. *(See Exhibit A)*.

20. The Class Period begins two years prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

21. Plaintiff is unable to state the exact number of members of the Plaintiff Class because that information is solely in the possession of Defendant. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records. The putative Class exceeds several hundred Florida consumers due to the volume of its business and collections. To wit, according to Defendant's website, it is the world's leading provider of diagnostic medical and each year, Defendant provides medical services to one in three adults in the United States. Quest Diagnostics is the world's leading provider of diagnostic information services and generated 2016 revenues of approximately $7.5 billion.

22. Defendant Quest Diagnostics uses the same form Letter *(See Exhibit A)* in connection with its collection efforts. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

23. Questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual members, specifically, whether Defendant's Debt Collection Letters violate the FCCPA, (specifically Florida Statutes 559.72(7) and (9)) when it threatens substantially increasing the amount the consumer owes through illegal collection expenses and costs.

24. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class because, upon information and belief, Defendant uses

·4

standardized form letters when attempting to collect Florida debts. The claims of the Plaintiff and of the Plaintiff Class originate from the same conduct, practice, and procedure, on the part of Defendant. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. There are no individual facts which distinguish the Plaintiff from other Class members that received debt collection letters similar to *Exhibit A*.

25. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because she has no interest antagonistic to the Class she seeks to represent, and because the adjudication of her claims will necessarily decide the identical issues for other class members. Whether the Defendant's Debt Collection Letters sent to Plaintiff violates the FCCPA is an issue that will be decided for all other consumers with similar or identical letters. There is nothing peculiar about the Plaintiff's situation that would make her inadequate as Class Representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

26. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each violation are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the debt collection letters used by Defendant violate the FCCPA and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of

this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendant and class actions are commonly used in such circumstances.

27. Defendant also acted and refused to act on grounds generally applicable to the Class, thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the Class as a whole. Defendant should be enjoined from sending out collection letters that violate the FCCPA such as the ones it sent to Plaintiff.

## COUNT I: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA")

28. Plaintiff, on behalf of herself and all others similarly situated, repeat and re-allege each and every allegation contained in paragraphs 1 through 27 above as if fully set forth herein.

29. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

30. At all times material herein, Plaintiff and the Class members were "debtors" or "consumers" as defined by Fla. Stat. § 559.55(8).

31. At all times material herein, Plaintiff's debt and the debt of the Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6).

32. At all material times herein, the Collection Letter, qualifies as "communication" as defined by Florida Statutes, § 559.44(2).

33. At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

34. Among the FCCPA's enumerated prohibitions, the relevant sections are as follows:

Prohibited practices generally. In collecting consumer debts, no person shall:

6

(7) "... willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

(9) "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate..."

Fla. Stat. §559.72(7)(9).

35. Defendant sent Plaintiff and all Class members similar, if not identical, Debt Collection Letters.

36. In relevant parts, the Debt Collection Letters states: "This is the final notice you will receive from our office. Please make payment immediately to prevent your account from being forwarded to a collection agency for further collection action. If further action is necessary, you may **also be liable for additional expenses and costs**, as permitted by law, which can **substantially** increase the amount you owe." (Emphasis added.) *(See Exhibit A)*

37. By sending collection letters threatening "substantially" increasing the amount owed with "additional expenses and costs", Defendant has violated Fla. Stat. § 559.72(7) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" the Plaintiff and the Class and also by "...,Claim[ing], attempt[ing], or threaten[ing], to enforce a debt when such person knows that the debt is not legitimate" Fla. Stat. § 559.72(9)

38. For purposes of the claims brought in this action, the applicable standard under the FCCPA is "the least sophisticated" consumer test. *See. Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 at 1172-75 (11th Cir. 1985) (adopting the test enunciated in *Exposition Press Inc. v. FTC*, 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public-that vast multitude which includes the ignorant, the unthinking, and the credulous." Id. at 1172-73 (quoting in part *Fed. Trade Comm'n v. Standard Educ. Society*, 302 U.S. 112,

116, 58 S.Ct. 113 82 L.ed. 141 (1937). *See also* Fla. Stat. § 559.552 (the FCCPA looks to the FDCPA for guidance).

39. After receiving letters similar to *Exhibit A*, the "least sophisticated" consumer would believe that the Defendant may substantially increase the balance with additional costs if immediate payment was not paid.

40. As a direct and proximate result of Defendant's FCCPA violations, Plaintiff and the Class have been harmed. Plaintiff and the Class are entitled to statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

41. In addition, Plaintiff and the Class seek a permanent injunction prohibiting Defendant from sending out collection letters similar to *Exhibit A* in the manner described above.

42. Because Defendant's actions were intentional, willful and/or without regard for Plaintiff's rights, Plaintiff reserves the right to seek punitive damages upon the showing of the records of evidence sufficient to form the basis of a claim for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 1.220 of the Florida Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing the undersigned as Class Counsel;

b. Adjudging that Defendant violated the FCCPA, Fla. Stat. § 559.72(7) and § 559.72(9), and awarding Plaintiff and the Class members statutory damages pursuant to Florida Statutes § 559.77(2);

c. Permanently enjoining Defendant from sending collection letters similar to *Exhibit A* in the manner described in this lawsuit;

d. Permanently enjoining Defendant from threatening Plaintiff and the Class in the manner described in this lawsuit;

e. Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to Florida Statutes § 559.77(2);

f. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 15, 2017.

By: /s/ Max Story
Max Hunter Story, P.A.
Florida Bar No: 527238
Austin Griffin, Esq.
Florida Bar No: 117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff